## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| FABIAN SANTIAGO,<br><br>                    Plaintiff,<br><br>    v.<br><br>COLLEEN FRANKLIN, et. al.,<br><br>                    Defendants. | No. 15 CV 1856<br><br>Magistrate Judge Jeffrey T. Gilbert |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Supplement Rule 26(a) Initial Disclosures. [ECF No 239]. For the reasons discussed below, the Court denies Plaintiff's Motion and reaffirms its previous ruling on Defendants' Motion *in limine* No. 9 [ECF Nos. 226, 230] barring the testimony of John Baldwin, Salvador Godinez, and Randy Pfister.

### I.    Procedural Background

On November 16, 2017, Plaintiff, through his assigned counsel at the time, served his initial Rule 26(a) disclosures on Defendants. [ECF No. 114]. The three witnesses at issue here were not included in that disclosure. Fact discovery closed on February 28, 2018. [ECF No. 119].[1] After the parties were unable to fully resolve this case by summary judgment or settlement, the case was set for jury trial to begin on August 3, 2020. [ECF No. 188].

Because of the COVID-19 pandemic, however, jury trials were suspended temporarily, and this trial was reset to November 16, 2020. [ECF No. 198]. Consistent with the Court's pretrial

---

[1] Although fact discovery closed formally on February 28, 2018, the Court allowed Plaintiff to take the depositions of Defendants Wright and Franklin after that date. Those depositions were scheduled to be taken in May 2018. [ECF Nos. 128, 130, 134].

schedule at that time, the parties filed their proposed pretrial order on October 7, 2020. [ECF No. 216]. On or shortly before that date,[2] Plaintiff disclosed for the first time that he intended to call Mr. Baldwin, Mr. Godinez, and Mr. Pfister as live witnesses at trial, or in the alternative, that he would like to use their depositions taken in unrelated cases[3] as substantive evidence at trial in this case. The Court granted Defendants' Motions *in limine* Nos. 9 and 12 and barred the live or deposition testimony of Mr. Baldwin, Mr. Godinez, or Mr. Pfister. In particular, as to whether these witnesses would be permitted to appear live, the Court excluded their testimony pursuant to Rule 37(c)(1) and concluded that Plaintiff's untimely disclosure of the witnesses was not substantially justified or harmless. [ECF No. 226] at 2-3.

---

[2] In his response to Defendants' Motion *in limine* No. 9, Plaintiff argued that Defendants in fact had notice of Plaintiff's intent to call Mr. Baldwin, Mr. Godinez, and Mr. Pfister on September 11, 2020, when Defendants received Plaintiff's draft Pretrial Order. [ECF No. 218] at 10-11. The Court sees no material difference between Plaintiff disclosing potential new trial witnesses on September 11th or October 7th for purposes of the Court's analysis in this Memorandum Opinion and Order. Both were effectively on the eve of trial in this case.

[3] Plaintiff sought to use depositions taken of Mr. Godinez in *Lippert v. Godinez*, No. 1:13-cv-01434 (N.D. Ill. 2013), and of Mr. Baldwin and Mr. Pfister in *Mitchell v. Pfister, et al.,* No. 1:18-cv-02367 (N.D. Ill. 2018), as substantive evidence in this case. Mr. Godinez's deposition was taken on December 29, 2015. Mr. Pfister's deposition occurred on October 29, 2019 and Mr. Baldwin's deposition on February 11, 2020. The latter two depositions, in fact, were taken by counsel now representing Plaintiff in this case, as he also was representing the plaintiff in the unrelated *Mitchell v. Pfister* case. The Court has already ruled that Plaintiff may not use these depositions as substantive evidence in this case, and Plaintiff does not appear to seek review of that issue, at least now – although the present Motion may be a prelude to attempting to subpoena these witnesses to testify at trial in this case if the Motion is granted. [ECF No. 245] at 2 ("Plaintiff, by his present Motion, does not seek to introduce those deposition transcripts, but rather to list the three individuals as potential witnesses in this case."). The timeline of the above depositions bears somewhat on the issue of timeliness under Rule 26(e) to the extent Plaintiff suggests that he could not have disclosed these witnesses any sooner than he did and therefore has good cause to supplement his disclosures now. [ECF No. 240] at 3 ("Plaintiff thus could not have included these three anticipated witnesses on his Original 26(a) Disclosures. *Searcy v. eFunds Corp.,* No. 08 C 985, 2011 WL 4352415, at *2 (N.D. Ill. Sept. 16, 2011) (finding "Defendants' duty to supplement only arose once Defendants learned of such documents or witnesses"). Consequently, Plaintiff has good cause to now supplement his Original 26(a) Disclosures. *See Split Pivot, Inc. v. Trek Bicycle Corp.,* No. 12-CV-639-WMC, 2013 WL 12234526, at *2 (W.D. Wis. May 2, 2013) (finding party had good cause to amend deadline for initial disclosures to permit supplementation to include evidence discovered after deadline had passed)."). As discussed below in this Memorandum Opinion and Order, whether Plaintiff could have included these witnesses in his original Rule 26(a) disclosures is less relevant than when he learned about them, when he actually disclosed them, and how those dates relate to the trial schedule in this case.

Only a few days after the Court's ruling, and two weeks before trial was to commence, jury trials were again suspended in the Northern District of Illinois due to the COVID-19 pandemic. Therefore, the jury trial previously scheduled for November 16, 2020 was postponed again. It has not yet been reset, but jury trials are set to resume in this district on April 5, 2021 and the Court is optimistic that trial in this case will proceed in the relatively near future.

**II.      Analysis**

The issue of Mr. Baldwin's, Mr. Godinez's, and Mr. Pfister's potential live testimony arises under Rules 26 and 37 of the Federal Rules of Civil Procedure. Under Rule 26(e)(1)(a), "a party who has made a disclosure under Rule 26(a)…must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect[.]" FED. R. CIV. P. 26(e)(1)(a). And "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence…at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

Plaintiff wants the Court to allow him to supplement his Rule 26(a) disclosures and identify potential trial witnesses three years after his Rule 26(a) disclosures were tendered to Defendants, more than two years after the close of fact discovery, and one month after the filing of the joint proposed pretrial order in this case. But the facts and events outlined in Plaintiff's own Motion betray its untimeliness. Plaintiff did not move under Rule 26(e) to supplement his disclosures until after the Court had already granted a motion *in limine* barring the testimony of those proposed new witnesses. As discussed below, Plaintiff cannot use Rule 26(e) as a procedural backdoor for securing the live trial testimony of Mr. Baldwin, Mr. Godinez, or Mr. Pfister under the

3

circumstances of this case. The disclosure of those witnesses was untimely within the meaning of Rule 26(e)(1)(a).

In deciding whether Plaintiff's late disclosure of trial witnesses is substantially justified or harmless under Rule 37(c)(1), the Court considers: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012); *see also, Musser v. Gentiva Health Servs.,* 356 F.3d 751, 758 (7th Cir. 2004). On balance, the Court finds that these factors weigh in favor of excluding the three witnesses at issue.

As an initial matter, Plaintiff's counsel, who was assigned as settlement assistance counsel in this case in May 2019 [ECF No. 178] and appeared for all purposes as Plaintiff's counsel in September 2019 [ECF No. 187], acknowledges that he knew in October 2019 that Mr. Baldwin had knowledge of facts that could support Plaintiff's case here. He knew the same thing in February 2020 as to Mr. Pfister. That is because he deposed those witnesses on those dates as counsel for the plaintiff in an unrelated case that also involved the living conditions at Stateville Correctional Center's F-House. *Mitchell v. Pfister,* No. 1:18-cv-02367 (N.D. Ill. 2018). Plaintiff did not say that he wanted to call these witnesses at the trial of this case until roughly seven months and a year, respectively, after Mr. Pfister and Mr. Baldwin were deposed, and much longer after Mr. Godinez's deposition was taken. The Court's decision may well have been the same as it is today if Plaintiff had tried to supplement his Rule 26(a) disclosures earlier than he did. And the Court hastens to add that it certainly is not ascribing any intention to hide the ball to Plaintiff or his counsel; it is possible that neither thought about calling Mr. Godinez, Mr. Baldwin, or Mr. Pfister as trial witnesses in this case until they were putting together the pretrial order.

4

Nevertheless, the passage of time after Mr. Baldwin and Mr. Pfister were deposed in the *Mitchell* case until they were disclosed as witnesses in this case does not help the argument that disclosing them with the pretrial order was substantially justified.[4]

Second, Defendants also are harmed or prejudiced by the untimely disclosures here, particularly given that fact discovery had been closed for over two years by the time the disclosures were made, and the time for investigating the testimony of these witnesses – let alone deposing them or locating witnesses to rebut their testimony – has long since passed. The Federal Rules of Civil Procedure are designed to avoid precisely the type of surprises at trial that Plaintiff is advocating here. Nor does the fact that Mr. Baldwin, Mr. Godinez, and Mr. Pfister were once represented by a different attorneys from the Illinois Attorney General's Office in unrelated cases, as Plaintiff argues, eliminate the surprise to the defense lawyers in this case of having three witnesses disclosed on the eve of trial with no opportunity to investigate, respond to, or even anticipate the substance of their testimony in the context of Plaintiff's case.

There also is little opportunity for Defendants to cure the prejudice now given that fact discovery has long been closed and depositions of new witnesses are no longer possible without leave of court. Further, as previously mentioned, a pretrial order already has been entered [ECF No. 227] and pretrial motions are all but resolved, leaving the parties, for all intents and purposes, on the eve of trial. This is true even if the COVID-19 pandemic has frustrated efforts to secure a firm trial date. To allow Plaintiff to introduce substantive testimony from three previously undisclosed witnesses would, at this late stage, disrupt and lengthen the trial proceedings. Including these witnesses will increase the number of Plaintiff's potential trial witnesses by

---

[4] The Court first set this case for trial in an order issued on February 11, 2020 [ECF No. 188], ironically the same day that Mr. Pfister was deposed in the *Mitchell* case. The record does not show when Plaintiff or his counsel became aware of Mr. Godinez's deposition testimony in the *Lippert* case but Plaintiff says it was after his initial Rule 26(a) disclosures were made. [ECF No. 240] at 3.

approximately one-third. [ECF No. 216] at 10. It also could require the Court to allow Defendants an opportunity to counter, if they can do so, Mr. Baldwin's, Mr. Godinez's, and Mr. Pfister's testimony potentially with new exhibits or heretofore undisclosed witnesses of their own. And that, in turn, could delay trial in this case even more than it already has been delayed because of the COVID-19 pandemic.

Finally, while the record does not support any inference of bad faith or willfulness in Plaintiff's failure to disclose these witnesses as trial witnesses earlier than he did, the other factors discussed above weigh strongly against granting Plaintiff's motion now. Therefore, having considered the above-cited factors, the Court finds that Plaintiff failed to meet his burden under Rule 37(c)(1) to show that his untimely Rule 26(a) disclosures are substantially justified or harmless.

Accordingly, Plaintiff's Motion to Supplement Rule 26(a) Initial Disclosures [ECF No. 239] is denied.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 11, 2021

6