IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FABIAN SANTIAGO, <br><br> Plaintiff, <br><br> v. <br><br> COLLEEN FRANKLIN, et. al., <br><br> Defendants. | No. 15 CV 1856 <br><br> Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court for a pretrial ruling on Plaintiff's request that the Court consider entering an "injunction ordering the Warden to expunge the finding that Plaintiff had committed insolence in writing to the Governor in August 2014." [ECF No. 216] at 4. Both parties submitted memoranda on this issue, [ECF Nos. 233, 237], and, for the reasons discussed below, the Court finds that injunctive relief may be appropriate in this case.

**ANALYSIS**

The Seventh Circuit has clearly established that "[t]he expunction of a disciplinary violation from a prisoner's record may be appropriate when that violation was established contrary to due process guarantees." *Redding v. Fairman,* 717 F.2d 1105, 1118–19 (7th Cir. 1983); *Hayes v. Thompson,* 637 F.2d 483, 493 (7th Cir. 1980); *Ware v. Heyne*, 575 F.2d 593 (7th Cir. 1978). Courts in this circuit have also applied this principle in the context of a First Amendment violation, *Jones v. Russell*, 149 F. Supp. 3d 1095, 1106 (W.D. Wis. 2015), and in other settings, courts have concluded that expungement may be ordered when necessary and appropriate to preserve basic legal rights. *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977); *Sullivan v. Murphy*, 478 F.2d

938, 968 (D.C. Cir. 1973), cert. denied 414 U.S. 880 (1973). Expungement of a prisoner's file lies within the equitable discretion of the court, *McCall–Bey v. Franzen*, 585 F. Supp. 1295, 1299-1300 (N.D. Ill. 1984), and should result from balancing the interests of the parties, including a defendant's interest in maintaining accurate records and ensuring prison security and a plaintiff's interest in avoiding undeserved adverse consequences. *Redding*, 717 F.2d at 1118; *Hayes II,* 637 F.2d at 493; *see also, Robinson v. Young*, 674 F. Supp. 1356, 1371 (W.D. Wis. 1987). Violations resulting in harmless error do not require expunction. *Hayes II*, 637 F.2d at 493.

Expungement of Plaintiff's disciplinary violation from his prisoner record may be appropriate in this case. The disciplinary violation at issue is a finding that Plaintiff committed insolence when he wrote an obscene letter to then-Governor Pat Quinn in August of 2014 – a finding that Judge Castillo, when he was the assigned judge in this case, concluded at the summary judgment stage violated Plaintiff's First Amendment rights as a matter of law. On August 23, 2016, Judge Castillo granted partial summary judgment in Plaintiff's favor and concluded that the comments Plaintiff made in his letter to Governor Quinn were protected by the First Amendment. Judge Castillo also held that Defendants Wright and Franklin, the "two individuals [who] found Plaintiff guilty of the insolence charge and recommended his transfer to Stateville's disciplinary segregation unit," were personally responsible for the deprivation of Plaintiff's rights that resulted from the disciplinary finding. [ECF No. 72] at 17-19. It is clear, therefore, that the disciplinary finding resulted directly from, and is inextricably linked to, a violation of Plaintiff's constitutional rights.

So too has Plaintiff alleged that he suffered significant adverse consequences as a result of the disciplinary finding. Plaintiff was transferred to F-House and placed in disciplinary segregation for one month after being found insolent. In F-House, Plaintiff asserts that he suffered extremely

cold temperatures, rodent and insect infestations, and other conditions that presented a substantial risk of serious harm to his health and safety and caused him to endure extreme weight loss, migraine headaches, and hunger pains. Should Plaintiff support the above allegations with admissible evidence and testimony at trial, the adverse consequences he suffered, and his interest in avoiding future undeserved adverse consequences as a result of the disciplinary violation on his record, may well outweigh Defendants' interest in maintaining accurate records and ensuring prison security. *Redding*, 717 F.2d at 1118-19; *Hayes II,* 637 F.2d at 493. But this determination will be made on the merits after both parties have had an opportunity to present evidence and further argument at trial.

Defendants do not appear to contest whether the Court has authority to order an injunction expunging Plaintiff's prison records, but instead focus on whether any Defendant named in this lawsuit has the practical ability to comply with such an order. [ECF No. 237]. According to Defendants, neither the individual correctional officer Defendants nor Defendant Tarry Williams, who was named in his official capacity as the Warden of Stateville Correctional Center, can expunge a violation from Plaintiff's prisoner record because Plaintiff's "master file" has been moved to the Illinois Department of Corrections ("IDOC") facility where Plaintiff is currently housed, Hill Correctional Center. [ECF No. 237] at 1-2. And because "[t]he Warden of Hill Correctional Center…is not a party to this matter," and "none of Defendants work at Hill Correctional Center," Defendant reasons, Plaintiff's disciplinary record is beyond Defendants' reach, and the reach of this Court.

Taken to its conclusion, Defendants' argument seems to be that a plaintiff may only seek expungement as equitable relief for an unfounded disciplinary violation if, when he files his § 1983 claim, he is able to correctly guess the IDOC facility where he will be housed in a year or two

3

when the case proceeds to trial – or in Plaintiff's case, five or six years down the road – and also identify who will be the warden of that facility at that time. Then, he can prospectively sue that person who, according to Defendants, is the only one who can expunge a disciplinary violation in the plaintiff's master file. That seems absurd. Stateville Correctional Center, where the events that give rise to Plaintiff's claims occurred, and Hill Correctional Center, where Plaintiff now is housed and where his "master file" allegedly is located, are both IDOC facilities. And in this case, Plaintiff not only brought a damages action against the individual defendants who have been found to be personally responsible for the First Amendment violation – Defendants Wright and Franklin – but also an official-capacity action against Defendant Williams as the Warden of IDOC's Stateville Correctional Center. Whether Defendant Williams currently serves as the Warden of Stateville, or works for IDOC at all, is irrelevant. In the context of Plaintiff's official capacity action, Defendant Williams is a stand-in for the governmental body he serves, and as such, the Court assumes it can order him (or his successor, as discussed below) to comply with an injunction and take appropriate steps in his official capacity to remedy the constitutional violation. *Houston v. Sheahan*, 62 F.3d 902, 903 (7th Cir. 1995); *Ogden v. United States*, 758 F.2d 1168, 1177 (7th Cir. 1985).

On this point, the Seventh Circuit's discussion in *Gonzalez v. Feinerman* is instructive. In *Gonzalez*, the court concluded that a prison warden was a proper defendant to a § 1983 claim "because he would be responsible for ensuring that any injunctive relief is carried out." 663 F.3d 311, 315 (7th Cir. 2011). And in *Tolentino v. Baker*, the Seventh Circuit similarly found that a warden was a proper defendant to a § 1983 claim when no other named defendants could carry out the injunctive relief requested. 679 F. App'x 503, 504 (7th Cir. 2017). Defendants concede that the "current Warden of Stateville is automatically substituted in for Defendant Williams in his official capacity pursuant to Fed. R. Civ. P. 25." [ECF No. 237] at 2. Moreover, the Court supposes,

4

although it does not now decide, that if the current warden of the Stateville Correctional Center cannot effectuate an expungement of Plaintiff's disciplinary record contained in his master file, then Plaintiff could add as a defendant in this case the current warden of Hill Correctional Center, if necessary, solely for the purpose of effectuating any injunctive relief that might be entered in this case. *See, e.g., Gonzalez*, 663 F.3d at 315 (Current warden of IDOC facility where the plaintiff is housed is a proper defendant even if he did not personally participate in any alleged wrongdoing "because he would be responsible for ensuring that any injunctive relief is carried out.").

    Accordingly, for the reasons discussed above, it is within the Court's equitable power to order the injunctive relief Plaintiff seeks in this case if he establishes that such relief is appropriate. If the Court is convinced at the close of the evidence that the only meaningful and effective form of relief available to Plaintiff to remedy the First Amendment constitutional violation is to order the insolence violation expunged from Plaintiff's prison record, the Court can so order.

                                                                                         Jeffrey T. Gilbert
                                                                                        United States Magistrate Judge

Dated: March 12, 2021