IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FABIAN SANTIAGO, <br><br> Plaintiff, <br><br> v. <br><br> COLLEEN FRANKLIN, et. al., <br><br> Defendants. | No. 15 CV 1856 <br><br> Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court for a pretrial ruling on the types of damages Plaintiff may seek at the close of evidence in his upcoming jury trial. Specifically, Plaintiff intends to request that the jury award him compensatory, nominal, and punitive damages for his First, Eighth, and Fourteenth Amendment claims. [ECF No. 232]. Defendants say Plaintiff cannot recover compensatory damages for any of his claims consistent with the Prison Litigation Reform Act ("PLRA"), which applies in this case, because he did not suffer a physical injury. [ECF No. 238]. Defendants also disagree that nominal or punitive damages are available to Plaintiff here under the PLRA. The Court addresses each constitutional claim, and the damages Plaintiff may seek related to those claims, in turn.

    **I.**    **First Amendment**

The merits of Plaintiff's First Amendment claim have long been resolved. On August 23, 2016, Judge Castillo, who was then presiding in this case, granted partial summary judgment in Plaintiff's favor on his First Amendment claim. Judge Castillo concluded that comments Plaintiff made in his letter to then-Governor Pat Quinn were protected by the First Amendment and that

Plaintiff's constitutional right was violated when he was punished for the contents of his letter and placed in solitary confinement in F-House at Stateville Correctional Center ("Stateville"). [ECF No. 72] at 17-19. That only leaves outstanding the question of what damages Plaintiff may seek at his jury trial for the above-described constitutional violation.

To that end, Plaintiff urges the Court to allow him to ask the jury for compensatory, nominal, and punitive damages as redress for the violation of his First Amendment rights. Regarding compensatory damages, Plaintiff posits two independent theories. First, Plaintiff asserts that as a matter of law, First Amendment violations are exempted from the PLRA's "physical injury" requirement such that he can recover compensatory damages for the injury to the liberty interest itself, independent of any physical, mental, or emotional harm. Second, Plaintiff explains that he has in fact alleged physical injuries that were at least proximately caused by the deprivation of his First Amendment rights. He is therefore entitled, he argues, to compensatory damages for those injuries and any additional emotional or mental injury he experienced as a result.

As to Plaintiff's first theory of recovery, Defendants counter that the PLRA does in fact apply to First Amendment claims and Plaintiff therefore is not entitled to monetary damages of any kind for a stand-alone First Amendment violation. Defendants make this blanket assertion notwithstanding the fact that they themselves cite to several cases that contemplate the award of at least nominal damages where there is no accompanying allegation of physical injury. On Plaintiff's second theory of relief, Defendants' brief is wholly silent. Defendants do not address whether Plaintiff may request compensatory damages for injuries he says were proximately caused by the First Amendment violation.

For the reasons discussed below and consistent with Section IV of this opinion, if Plaintiff does not show the violation of his First Amendment rights caused a physical injury, he nonetheless

2

may request at least nominal and punitive damages for the First Amendment violation, to be awarded at the jury's discretion. If the evidence presented at trial shows that Plaintiff did suffer a physical injury that was caused by the violation of his First Amendment rights, he also may be able to recover compensatory damages for that injury and any accompanying mental or emotional injury. At this juncture, before the facts have been fully developed through evidence and testimony at trial, the Court is unwilling to decide as a matter of law that Plaintiff will not be able to establish he suffered a physical injury as a result of the violation of his First Amendment rights, particularly given that the issue of causation generally is to be determined by a jury.

### A. The PLRA Applies to all Federal Civil Actions, Including First Amendment Claims

Section 1997e(e) of the PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The PLRA is best read as a limitation on the types of damages a prisoner can recover in a case filed when he or she was in custody, not a limitation on the types of actions that a prisoner can bring. *Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003). That is, although a prisoner plaintiff may bring a civil rights or constitution-based claim without alleging a physical injury, he or she may not seek damages "for" mental or emotional injury without first establishing physical injury. *Id.*

The language of the PLRA is unambiguous: "*No Federal civil action* may be brought by a prisoner…for mental or emotional injury…without a prior showing of physical injury." 42 U.S.C. § 1997e(e) (emphasis added). As the Eighth Circuit succinctly explained, "[n]o Federal civil action" does not mean "[n]o Federal civil action [except for First Amendment violations]." *Royal v. Kautzky,* 375 F.3d 720, 723 (8th Cir. 2004). That means, in this Court's view, that the PLRA's limitation on compensatory damages absent a showing of physical injury applies even in First

Amendment cases. The Court recognizes, however, that a minority of courts have exempted First Amendment violations from the PLRA's limitation on damages and held that compensatory damages may be allowed to redress the injury to the liberty interest itself, regardless of whether the plaintiff suffered a physical, mental, or emotional injury. *See, e.g., Wilcox v. Brown,* 877 F.3d 161, 169–70 (4th Cir. 2017); *Aref v. Lynch,* 833 F.3d 242, 267 (D.C. Cir. 2016); *King v. Zamiara,* 788 F.3d 207, 212–13 (6th Cir. 2015); *Canell v. Lightner,* 143 F.3d 1210, 1213 (9th Cir. 1998) (holding section 1997e(e) does not apply to First Amendment claims). But this Court is not convinced by the minority position.

Most courts to confront the question of whether section 1997e(e) applies to First Amendment violations have concluded that the limitation on compensatory damages absent a predicate physical injury applies to all federal prisoner lawsuits. *Royal,* 375 F.3d at 723; *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) ("[s]ection 1997e(e) applies to all federal civil actions including claims alleging constitutional violations"); *Searles v. Van Bebber,* 251 F.3d 869, 876 (10th Cir. 2001); *Allah v. Al–Hafeez*, 226 F.3d 247, 250–51 (3d Cir. 2000). The Seventh Circuit appears to be in accord. *Calhoun*, 319 F.3d at 940; *see also, Wheeler v. Talbot,* 695 F. App'x 151, 153 (7th Cir. 2017); *Smith v. Peters,* 631 F.3d 418, 421 (7th Cir. 2011); *Cassidy v. Indiana Dep't of Corr.,* 199 F.3d 374, 376 (7th Cir. 2000); *Rowe v. Shake*, 196 F.3d 778 (7th Cir. 1999); *Zehner v. Trigg,* 133 F.3d 459 (7th Cir. 1997). This Court agrees with the majority view. If Congress intended or desired a reading of the statute that did not encompass First Amendment violations, then "Congress can certainly say so." *Royal,* 375 F.3d at 723. But Congress has not said so to date. The words "[f]ederal civil action" in the statute are unqualified and are consistent with Congress' authority to balance competing interests in determining the availability of remedies. *Zehner,* 133 F.3d at 461–63.

Where compensatory damages are unavailable, the PLRA leaves the door open for other methods to redress constitutional wrongs such as injunctive relief, nominal damages, and punitive damages. Here, absent a showing of physical injury, Plaintiff still may recover nominal and punitive damages because these damages remedy a different type of injury and are left unaffected by § 1997e(e). *Calhoun*, 319 F.3d at 940; *see also, Robinson*, 170 F.3d at 748. The Seventh Circuit has squarely held that, "at a minimum, a plaintiff who proves a constitutional violation is entitled to nominal damages." *Id.* (citing *Hessel v. O'Hearn*, 977 F.2d 299, 302 (7th Cir. 1992); *Ustrak v. Fairman*, 781 F.2d 573, 578 (7th Cir. 1986)). And in the context of First Amendment claims, the Seventh Circuit has "held explicitly that prisoners need not allege a physical injury to recover damages because the deprivation of the constitutional right is itself a cognizable injury, regardless of any resulting mental or emotional injury." *Calhoun,* 319 F.3d at 940 (citing *Rowe*, 196 F.3d at 781–82); *see also, Searles*, 251 F.3d at 879–81; *Allah,* 226 F.3d at 252. "[N]ominal damages, of which one dollar is the norm, are an appropriate means of vindicating rights where deprivation has not caused actual, provable injury." *Guzman v. City of Chicago*, 689 F.3d 740, 748 (7th Cir. 2012) (citing *Kyle v. Paterson*, 196 F.3d 695, 697 (7th Cir. 1999)). So too might punitive damages be available in this context. *Wheeler,* 695 F. App'x at 153 (§ 1997e(e) "does not make physical injury a precondition to the award of punitive damages"). So, Defendants' position that Plaintiff cannot seek nominal or punitive damages in this case finds no traction in applicable law.

  **B.**  **Whether the Deprivation of Plaintiff's First Amendment Rights Caused Physical Injury is a Question for the Jury**

If Plaintiff is able, at trial, to establish a physical injury and connect that injury to the deprivation of his First Amendment rights, compensatory damages for those and other related injuries also are potentially recoverable. "'[T]he basic purpose' of § 1983 damages is 'to compensate persons for injuries that are caused by the deprivation of constitutional rights.'"

5

*Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 307 n. 9 (1986) (quoting *Carey v. Piphus*, 435 U.S. 247, 254 (1978)). So, in order to pursue compensatory damages for physical and other injuries stemming from his First Amendment claims, Plaintiff must show a "link between the [First Amendment] violations and the actual injury consequences." *Saxner v. Benson*, 727 F.2d 669, 672 (7th Cir. 1984), aff'd sub nom. *Cleavinger v. Saxner*, 474 U.S. 193 (1985).

The question then becomes what kind of "link" Plaintiff must establish. Defendants do not address that question in their brief. Plaintiff proposes a proximate cause analysis, and specifically argues that even if he did not suffer a direct physical injury as a result of the violation of his First Amendment rights, he suffered physical injuries that were "proximately caused" by that violation and are therefore compensable. Judge Castillo held on summary judgment that Plaintiff's First Amendment rights were violated when he was found guilty of insolence for writing an inappropriate letter to then-Governor Quinn which led to him being placed in disciplinary segregation in Stateville's F-House.[1] While in F-House, Plaintiff says he suffered physical, mental, and emotional harms including significant weight loss, migraine headaches, and hunger pains.[2] Causation – proximate cause or otherwise – generally is a fact question for the jury, unless there is no set of facts that would allow a jury to find in favor of the plaintiff. *See, e.g., Gayton v. McCoy*,

---

[1] Judge Castillo described the substance of Plaintiff's First Amendment violation as follows: "Plaintiff was deprived of his [First Amendment] rights when the Adjustment Committee found him guilty of insolence and recommended that he be punished with disciplinary segregation." [ECF No. 72] at 17.

[2] Plaintiff summarizes in his memorandum [ECF No. 232] the physical injuries he alleges he suffered at F-House: "inhumane conditions of confinement…including excessive cold because of a broken window, cold water, mold, filthy mattresses, dirty bedding, unsanitary conditions, roaches and mice that crawled on him during the night, and vermin-infested food that resulted in significant weight loss, hunger pains, vomiting, nausea, dizziness, extreme sleep deprivation, cold temperatures, migraine headaches depression and anxiety." [ECF No. 232] at 1-2. As this Court explained at the summary judgement stage, certain harms alleged by Plaintiff could constitute a "physical injury" under the meaning of the PLRA, if substantiated by evidence and testimony at trial. *Santiago*, 2019 WL 1747361, at *14–15 ("Some courts have found that the injuries Santiago alleges can be physical in nature and may entitle an inmate to compensatory damages.") (citing *Walker v. Powell*, 2007 WL 4303766 (N.D. Fla. 2007)).

6

593 F.3d 610, 624 (7th Cir. 2010). The Court is unwilling to hold as a matter of law, before Plaintiff has had an opportunity to present his case to a jury, that he will be unable to prove facts that would entitle him to compensatory damages for physical and other injuries as a result of the violation of his First Amendment rights. Plaintiff has at least plausibly alleged facts that support a theory of recovery for compensatory damages as a result of the First Amendment violation, which already has been found in this case. Particularly given Defendants' silence on this issue, the Court is not inclined to rule now that Plaintiff cannot present that theory to the jury.

## II. Eighth Amendment

While Plaintiff already has prevailed on the liability aspect of his First Amendment claim, there has been no ruling yet as to whether Plaintiff's Eighth Amendment rights were violated. As noted above, Plaintiff says he suffered "inhumane conditions of confinement…including excessive cold because of a broken window, cold water, mold, filthy mattresses, dirty bedding, unsanitary conditions, roaches and mice that crawled on him during the night, and vermin-infested food that resulted in significant weight loss, hunger pains, vomiting, nausea, dizziness, extreme sleep deprivation, cold temperatures, migraine headaches depression and anxiety." [ECF No. 232] at 1-2. It will be the jury's province, as the trier of fact in this case, to decide whether an Eighth Amendment violation occurred and what physical injuries, if any, resulted from that violation. *Santiago v. Rabideau*, 2019 WL 1747361, at *14–15 (N.D. Ill. 2019).

Nevertheless, both parties have asked this Court to decide what damages, if any, Plaintiff can request if he is able to prove some, or all, of the allegations in his complaint. Again, the Court is unwilling to speculate now about what the evidence at trial will show. But this much is clear from the cases discussed above: if Plaintiff proves his Eighth Amendment rights were violated and that he suffered physical injury as a result, then he can request compensatory damages for that

physical injury and any related mental or emotional injury he suffered. Compensatory damages of this nature are clearly contemplated by the plain language of the PLRA.

Moreover, if Plaintiff ultimately proves his Eighth Amendment rights were violated but does not prove a resulting physical injury, he may still pursue nominal and/or punitive damages for that constitutional violation. "Just as a 'deprivation of First Amendment rights standing alone is a cognizable injury,' so too is the violation of a person's right to be free from cruel and unusual punishment." *Calhoun,* 319 F.3d at 940*;* (citing *Rowe*, 196 F.3d at 781; *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (claim of Eighth Amendment violation "is distinct from" any claim to entitlement for compensation for resulting mental or emotional damages)). Therefore, prison officials who violate a prisoner's Eighth Amendment right to be free from cruel and unusual punishment "are subject to those remedies that are not barred by section 1997e(e)—injunctive relief of course (unless as in this case an injunctive claim is moot) but also nominal and even (most courts have ruled) punitive damages." *Smith v. Peters,* 631 F.3d 418, 421 (7th Cir. 2011) (citations omitted); *see also, Redding v. Fairman*, 717 F.2d 1105, 1119 (7th Cir. 1983); *Sahagian v. Dickey,* 827 F.2d 90, 100 (7th Cir. 1987).

Consistent with the Seventh Circuit's guidance, therefore, if Plaintiff proves that his Eighth Amendment rights were violated but he does not prove he suffered a resulting physical injury, then he may request that the jury award him nominal or punitive damages (if appropriate, per Section IV of this Order). But, under those circumstances, he may not seek compensatory damages for any mental or emotional injuries. *Calhoun,* 319 F.3d at 941 ("Although § 1997e(e) would bar recovery of compensatory damages "for" mental and emotional injuries suffered, the statute is inapplicable to awards of nominal or punitive damages for the Eighth Amendment violation itself."); *see also, Herman v. Holiday*, 238 F.3d 660, 666 (5th Cir. 2001) (PLRA barred

8

recovery for mental and emotional injuries caused by "cold showers, cold food, unsanitary dishes, insect problems, a lack of adequate clothing, and the presence of an open 'cesspool' near the housing unit" at prison).

### III. Fourteenth Amendment

In the same vein, the merits of Plaintiff's Fourteenth Amendment due process claim have not yet been adjudicated and are a matter for the jury to decide. At the summary judgment stage, this Court already concluded that Plaintiff has not stated a Fourteenth Amendment loss-of-liberty claim; that is, he failed, as a matter of law, to show "that his stay in F-House was sufficiently long to give rise to a liberty interest, that the combination of his segregation and the conditions of F-House did so, or that he experienced conditions in F-House that were so atypical of those experienced by the general population that they implicate his Fourteenth Amendment rights." *Santiago,* 2019 WL 1747361, at *8. But his Fourteenth Amendment due process claim – including the allegations that Defendant Wright did not recuse himself from Plaintiff's disciplinary hearing, Defendants Wright and Franklin did not read the materials Plaintiff brought to the hearing, and they did not permit Plaintiff to speak in his own defense – are still triable issues of fact to be decided at Plaintiff's jury trial. *Id.* at *9–10; [ECF No. 28] at 9.

Just as with the First and Eighth Amendment claims, if Plaintiff proves his Fourteenth Amendment right to due process was violated and he suffered physical injury as a result, then he may request compensatory damages for those physical injuries and any accompanying mental or emotional injury. As explained by the Seventh Circuit, if Plaintiff can establish a link "between the due process violations and the actual injury consequences," then an award of compensatory damages may be appropriate in the due process context. *Saxner*, 727 F.2d at 672; *see also, Henderson v. Sheahan*, 196 F.3d 839, 848 (7th Cir. 1999) (recovering damages under § 1983

9

requires both injury and a causal connection between that injury and the deprivation of a constitutionally protected right).

Absent a showing of physical injury related to the due process violation, however, Plaintiff's recovery will be more limited. "[N]ominal damages are all that are due upon a showing of a denial of due process without proof of actual damage, as injury cannot be presumed from denial of due process." *Saxner*, 727 F.2d at 672 (citing *Carey,* 435 U.S. at 258). And if Plaintiff can prove at trial that punitive damages may be warranted, consistent with the analysis below, then so too can he request those damages from the jury for a Fourteenth Amendment violation.

### IV. Punitive Damages

Finally, "nothing prevents an award of punitive damages for constitutional violations when compensatory damages are not available." *Calhoun,* 319 F.3d at 942. Because punitive damages are designed to punish and deter wrongdoers for deprivations of constitutional rights, they are not compensation "for" emotional and mental injury.[3] *Stachura*, 477 U.S. at 306. They therefore may be available to Plaintiff in this case, even without a threshold showing of physical injury caused by any of the above constitutional claims.

Although the PLRA does not preclude claims for punitive damages, "punitive damages are never awarded as a matter of right." *Lyle v. Patterson,* 196 F.3d 695, 697 (7th Cir. 1999). Whether punitive damages are warranted is a decision left to the trier of fact who, "after considering the record, makes 'a 'moral judgment' that the unlawful conduct warrants such an award to punish the

---

[3] Although some circuits have held that the limitation on recovery in Section 1997e(e) governs claims for punitive damages, *Carter v. Allen*, 940 F.3d 1233, 1235 (11th Cir. 2019); *Davis v. District of Columbia,* 158 F.3d 1342, 1348 (D.C. Cir. 1998), the majority, including the Seventh Circuit, has concluded that punitive damages are not "for…injury suffered," whether emotional or mental, and may therefore be recovered without a showing of physical injury. *King*, 788 F.3d at 216–17; *Kuperman v. Wrenn*, 645 F.3d 69, 73, n.5 (1st Cir. 2011); *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007); *Royal*, 375 F.3d at 723; *Calhoun*, 319 F.3d at 941–42; *Oliver v. Keller*, 289 F.3d 623, 629–30 (9th Cir. 2002); *Thompson*, 284 F.3d at 418; *Searles*, 251 F.3d at 881; *Allah*, 226 F.3d at 251–52.

wrongdoer and deter others.'" *Wheeler*, 695 F. App'x at 153 (citing *Lyle*, 196 F.3d at 697). And while Section 1983 contains no specific provision that allows for punitive damages, the Supreme Court held in *Smith v. Wade* that punitive damages can be awarded if it can be proven that a defendant had a reckless or callous indifference to a plaintiff's federally protected rights or an evil motive or intent. 461 U.S. 30, 34–36 (1983). The Seventh Circuit is in accord. *Green v. Howser*, 942 F.3d 772, 781 (7th Cir. 2019); *see also, Alexander v. City of Milwaukee*, 474 F.3d 437, 454–55 (7th Cir. 2007) (upholding district court's decision to put punitive damages before the jury because the plaintiffs presented evidence that the defendants, accused of discrimination, "knew about a problem, failed to act to control it, as the responsibility of their office required them to do, and knowingly participated in its continuance").

There is not yet enough of a record to determine whether a jury instruction regarding punitive damages will be warranted for one or more of Plaintiff's alleged constitutional claims. *See generally, United States v. Aldaco*, 201 F.3d 979, 989 (7th Cir. 2000) (in order for a jury instruction to be warranted, it must accurately summarize the law and have support in the record). The question of whether Plaintiff will be able to submit the issue of punitive damages to the jury, therefore, will need to be revisited at the close of the evidence in this case consistent with the above legal principles.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 17, 2021